IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ELIZABETH HICKS, | Case No. 2:17-cv-00118-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| LES SCHWAB TIRE CENTERS OF PORTLAND, INC., | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Elizabeth Hicks ("Hicks") brings this action against Les Schwab Tire Centers of Portland, Inc. ("Les Schwab"). Trial is set for June 4, 2019. Pending before the Court are the parties' motions in limine, objections to proposed witnesses and exhibits, and proposed jury instructions. The parties have conferred and resolved many of the disputed issues. (ECF No. 81.) The Court resolves the remaining disputed issues as follows.

///

///

///

///

PAGE 1 – OPINION AND ORDER

## I. Les Schwab's Objections to Hicks' Exhibits

### A. Exhibit No. 1

Les Schwab asks the Court to exclude as irrelevant a letter to a Bureau of Labor and Industries ("BOLI") investigator. Hicks has agreed to withdraw this letter from Exhibit No. 1. (ECF No. 81.)

### B. Exhibit No. 3

Les Schwab asks the Court to exclude as irrelevant duplicative portions of the acceptance notice from Hicks' workers' compensation claim. Hicks has agreed to withdraw the duplicates and only submit the notice of acceptance of Hicks' workers' compensation claim. (ECF No. 81.)

### C. Exhibit No. 26

Les Schwab asks the Court to exclude as irrelevant and cumulative Les Schwab's payroll records. Hicks has agreed to withdraw the cumulative pages from Exhibit 26 and submit a revised Exhibit 26. (ECF No. 81.)

### D. Exhibit No. 28

Les Schwab asks the Court to exclude as irrelevant a list of employees working at its store. Les Schwab also objects to the list because it includes the home addresses of Les Schwab's employees. Hicks responds that the list is relevant because it includes the number of employees at Les Schwab (which Hicks must show to prove that the Americans with Disabilities Act ("ADA"), Oregon's ADA, and Oregon's workers' compensation retaliation statute apply to Les Schwab), and because it includes relevant dates of hire.

The Court agrees with Hicks that the list is relevant to her claims, and therefore overrules Les Schwab's objection. *See Clackamas Gastroenterology Assocs., P.C. v. Welles*, 538 U.S. 440, 441-42 (2003) ("Under the ADA[,] an 'employer' is not covered unless its work force includes

15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.'") (quoting 42 U.S.C. § 12111(5)); Or. Rev. Stat. § 659A.106 ("The requirements of ORS 659A.112 to 659A.139 apply only to employers who employ six or more persons."). As discussed at the pretrial conference, Hicks will redact the column titled "address," and will redact the "BOLI" bates number on the second page of the exhibit.

      E.      **Exhibit No. 30**

Les Schwab asks the Court to exclude as irrelevant the earning statements from Les Schwab's store. The Court overrules Les Schwab's relevance objection because Hicks intends to introduce the exhibit to counter Les Schwab's argument that Hicks' layoff was necessary due to a downturn in business. *See* Fed. R. Evid. 401. However, Les Schwab has reserved the right to challenge Exhibit 30 for a lack of foundation, and therefore the Court does not pre-admit Exhibit 30.

      F.      **Exhibit No. 31**

Les Schwab asks the Court to exclude as irrelevant an Employee Conference Record for one of Hicks' co-workers. Hicks has agreed to withdraw this exhibit. (ECF No. 78.)

      G.      **Exhibit No. 32**

Les Schwab withdrew its relevance and hearsay objections to Exhibit 32 during the pretrial conference.

**II.**      **Les Schwab's Objection to Hicks' Witnesses**

      A.      **Treating Physicians**

Les Schwab objects to Hicks calling her treating physicians, Dr. Michael Coughlin and Dr. Lawrence Sladich, to testify because Hicks failed to disclose them as expert witnesses as

required by Federal Rule of Civil Procedure 26. Hicks responds that she was not required to disclose these witnesses because she seeks only to elicit testimony about their diagnosis and treatment of Hicks' injury. The Court agrees.

Federal Rule of Evidence 701 restricts lay opinion testimony to one that is: (1) "rationally based on the witness's perception;" (2) "helpful to clearly understanding the witness's testimony or to determining a fact in issue;" and (3) "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. "The testimony of treating physicians presents special evidentiary problems that require great care and circumspection by the trial court." *Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312, 1317 (11th Cir. 2011). On the one hand, "a treating physician is not considered an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the party." *Williams*, 644 F.3d at 1317 (quoting *Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999)). On the other hand, "when a treating physician's testimony is based on a hypothesis, not the experience of treating the patient, it crosses the line from lay to expert testimony, and it must comply with the requirements of Rule 702[.]" *Williams*, 644 F.3d at 1317-18.

Some courts have rejected the above distinction, holding that Rule 701 "encompasses a treating physician's diagnoses, prognoses, or other conclusions as to the patient's condition, because those are examples of the physician's 'specialized knowledge,'" and thus, "a treating physician may not testify to such matters unless he or she has been disclosed under Rule 26(a)(2)(A)." *Aumand v. Dartmouth Hitchcock Medical Ctr.*, 611 F. Supp. 2d 78, 88 (D. N.H. 2009); *see also Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756 n.2 (7th Cir. 2004) ("[A] treating doctor (or similarly situated witness) is providing expert testimony if the testimony consists of opinions based on 'scientific, technical, or other specialized knowledge' regardless of

whether those opinions were formed during the scope of interaction with a party prior to litigation."). Although the Ninth Circuit has held that a physician's "opinion on issues of causation require[s] expert testimony," *United States v. Urena*, 659 F.3d 903, 908 (9th Cir. 2011), it has declined to hold that all treating physicians must be disclosed under Federal Rule of Civil Procedure 26. *See Hoffman v. Lee*, 474 F. App'x 503, 505 (9th Cir. 2012) (holding that the district court properly admitted the testimony of an undisclosed treating physician that "testified only as a percipient witness" and "addressed his thoughts on particular actions that he took in his treatment of [the plaintiff]").

    Here, Hicks represents that her physicians will testify only about facts learned through their treatment of Hicks. Consistent with *Hoffman*, the Court will allow Hicks' treating physicians to testify as percipient witnesses about their diagnosis and treatment of Hicks, and to any opinions formed during the course of treatment, if those opinions are reflected in Hicks' medical records. *See Haro v. GGP-Tucson Mall LLC*, No. CV-17-00285-TUC-JAS, 2019 WL 369269, at *4 (D. Ariz. Jan. 30, 2019) (considering treating physicians as lay witnesses and allowing them to "testify regarding their diagnosis and treatment" of the plaintiff); *Walker v. Spina*, No. CIV 17-0991 JB/SCY, 2019 WL 145626, at *19 (D. N.M. Jan. 9, 2019) ("A treating physician does not need to be certified as an expert witness and may testify as a lay witness 'if he or she testifies about observations based on personal knowledge, including the treatment of the party.'") (quoting *Guerrero v. Meadows*, 646 F. App'x 597, 602 (10th Cir. 2016)); *see also Urena*, 659 F.3d at 908 (noting that a treating physician's "diagnosis of the injury itself . . . would be permissible lay testimony") (quoting *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005)); *Blameuser v. Hasenfang*, 345 F. App'x 184, 187 (7th Cir. 2009) (finding that a treating physician's testimony concerning his treatment and diagnosis of the plaintiff did not

constitute expert testimony); cf. *Goodman v. Staples*, 644 F.3d 817, 826 (9th Cir. 2011) (holding that a treating physician is exempt "from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment").

B. **Manner of Testimony**

Hicks asks the Court to allow her treating physicians to testify via videoconference because they are located in Idaho and have patient care responsibilities. Les Schwab objects to this request as inconsistent with Federal Rule of Civil Procedure 43. The Court agrees.

Federal Rule of Civil Procedure 43 provides that "witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise." Fed. R. Civ. P. 43. "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." *Id.*

The Advisory Committee Notes to Rule 43 caution that "[t]ransmission cannot be justified merely by showing that it is inconvenient for the witness to attend trial." Fed. R. Civ. P. 43 advisory committee's note to 1996 amendment. Nonetheless, courts have found that geographical distance may justify allowing a witness to appear via video. *See Beltran-Tirado v. I.N.S.*, 213 F.3d 1179, 1186 (9th Cir. 2000) (finding good cause where a witness had to travel from Missouri to California); *Warner v. Cate*, No. 1:12-cv-1146-LJO-MJS (PC), 2015 WL 4645019, at *1 (E.D. Cal. Aug. 4, 2015) (finding good cause where a witness had to travel from Texas to California). Here, however, Hicks' witnesses reside in Boise and Fruitland, Idaho, making the trip to Pendleton, Oregon less burdensome (3.25 and 2.5 hour drives, respectively). Under these circumstances, the Court follows the recommendation of the Advisory Committee, and finds that Hicks has not demonstrated good cause to deviate from Rule 43. *See Michael v.*

*Davis*, No. 1:10-cv-01429-AWI-SAB, 2015 WL 7889635, at *2 (E.D. Cal. Dec. 3, 2015) (finding that "mere inconvenience" is "an insufficient basis" to permit "testimony in open court by contemporaneous transmission from a different location"); *In re Mikolajczyk*, No. DM 15-90021, 2015 WL 3505135, at *2 (W.D. Mich. June 3, 2015) ("Despite the obvious inconvenience of traveling two hundred miles to testify, the circumstances do not rebut the presumption favoring live testimony in open court that Rule 43 raises."); *see also Republic of Ecuador v. Mackay*, 742 F.3d 860, 864 (9th Cir. 2014) (consulting the "Advisory Committee Notes when interpreting a federal rule for guidance and insight") (citation and quotation marks omitted).

## III. Motions in Limine

### A. Hicks' Motions in Limine

#### a. No. 1

Hicks moves to exclude as irrelevant evidence of Les Schwab's treatment of other workers' compensation claims. (ECF No. 56.) Les Schwab does not oppose this motion, so long as Hicks does not seek punitive damages. (ECF No. 74.) Hicks has agreed not to seek punitive damages (ECF No. 81), and therefore the Court GRANTS Hicks' motion in limine No. 1.

#### b. No. 2

Hicks moves to exclude as irrelevant any reference to her decision voluntarily to withdraw her charges from BOLI and the Equal Employment Opportunity Commission ("EEOC"), BOLI or the EEOC's dismissal of Hicks' charges, and Hicks' unemployment benefits. (ECF No. 56.) Les Schwab does not object to Hicks' motion to exclude references to the administrative proceedings and argues that neither party should refer to the agency proceedings. (ECF No. 74.) The Court agrees. In addition, the Court excludes as irrelevant any

reference to Hicks' unemployment benefits. *See* Fed. R. Evid. 401. The Court therefore GRANTS Hicks' motion in limine No. 2.

### A. Les Schwab's Motions in Limine

#### a. No. 1

Les Schwab argues that Hicks and her witnesses may not speculate about her employer's motivations regarding her employment. (ECF No. 68.) Hicks responds that her interpretation of Les Schwab's actions is relevant because her beliefs about Les Schwab's actions support her claim for emotional distress damages. (ECF No. 79.)

"In discrimination cases, lay opinion may be admissible 'when given by a person whose position with the defendant entity provides the opportunity to personally observe and experience the defendant's policies and practices.'" *Diunugala v. Dep't of Conservation, Div. of Oil, Gas, and Geothermal Res.*, No. 16-3530 DSF (JEMx), 2018 WL 6137175, at *1 (C.D. Cal. Sept. 28, 2018) (quoting *Gossett v. Okla. ex rel. Bd. of Regents for Langston Univ.*, 245 F.3d 1172, 1179 (10th Cir. 2001)); *see also Hansard v. Pepsi-Cola Metro. Bottling Co.*, 865 F.2d 1461, 1466-67 (5th Cir. 1989) ("Courts often have permitted lay witnesses to express opinions about the motivation or intent of a particular person if the witness has an adequate opportunity to observe the underlying circumstances."). However, "Rule 701(b) bars lay opinion testimony that amounts to a naked speculation concerning the motivation for a defendant's adverse employment decision." *Diunugala*, 2018 WL 6137175, at *1 (quoting *Hester v. BIC Corp.*, 225 F.3d 178, 185 (2d Cir. 2000)); *see also Village of Freeport v. Barrella*, 814 F.3d 594, 611 (2d Cir. 2016) ("Rule 701(b) helps to protect against the admission of opinions which would merely tell the jury what result to reach, rather than providing information that would assist the jury in drawing its own conclusions.") (citation omitted).

To the extent Hicks offers testimony about how Les Schwab's actions affected her mental and emotional state, such testimony is relevant and admissible, as is testimony from Hicks and other witnesses about their direct personal observations and experiences. The Court defers ruling until trial on any specific lay witness testimony about Les Schwab's motives. *See Alamar Ranch, LLC v. Cty. of Boise*, No. 1:09-cv-004-BLW, 2010 WL 5109997, at *7 (D. Idaho Dec. 5, 2010) (reserving ruling until trial whether a witness may offer testimony concerning an opposing party's motives); *Edward Y.S. Lee v. TRW, Inc.*, No. CV 02-05172 FMC (RZx), 2006 WL 5105273, at *2 (C.D. Cal. Mar. 21, 2006) (deferring ruling until trial on whether an employees' lay witness testimony on intent or pretext would be admissible).

      **b.**    **No. 2**

Les Schwab moves to exclude character evidence Hicks might offer to demonstrate her good character. (ECF No. 68.) Hicks responds that Les Schwab's motion is overbroad and may exclude evidence Hicks will offer to rebut Les Schwab's evidence of Hicks' bad attitude and dishonesty. (ECF No. 79.) Les Schwab's motion does not identify with any specificity what particular evidence it seeks to exclude. Therefore, the Court defers ruling until trial on the admissibility of character evidence.[1] *See Brown v. Wimberly*, No. 1:14-cv-01812-JLT, 2017 WL 1179413, at *1 (E.D. Cal. Mar. 29, 2017) ("[M]otions in limine seeking the exclusion of broad categories of evidence are disfavored.") (citation omitted).

///

///

///

---

[1] As discussed at the pretrial conference, the Court is likely to sustain an objection to testimony about Hicks' general character traits (e.g., "she is an honest person"), but overrule an objection to testimony about her performance as a Les Schwab employee (e.g., "she was a hard worker" or "she had a positive attitude").

### c. No. 3

Les Schwab moves to exclude "[p]laintiff, her witnesses, and plaintiff's counsel . . . from commenting about their opinion of the testimony or facts of the case." (ECF No. 68.) The Court agrees that Hicks' counsel may not give unsworn testimony about the facts of the case, but finds that Hicks and her witnesses may offer relevant lay witness testimony. Therefore, the Court GRANTS IN PART, and DENIES IN PART Les Schwab's motion in limine No. 3.

### d. No. 4

Les Schwab moves to exclude any references to the number of attorneys in defense counsel's firm, and any descriptions that would hint at Les Schwab's financial circumstances through references to their counsel. (ECF No. 68.) Hicks does not oppose this motion. (ECF No. 79.) The Court therefore GRANTS Les Schwab's motion in limine No. 4.

### e. No. 5

Les Schwab moves to exclude arguments about the "Golden Rule." (ECF No. 68.) Hicks does not oppose this motion. (ECF No. 79.) The Court therefore GRANTS Les Schwab's motion in limine No. 5.

### f. No. 6

Les Schwab moves to allow evidence of all employees who worked at the Nyssa store between 2014 and 2017 who filed workers' compensation claims if Hicks seeks punitive damages. (ECF No. 68.) Hicks represents that she will not seek punitive damages. (ECF No. 79.) Therefore, the Court DENIES Les Schwab's motion in limine No. 6.

### g. No. 7

Les Schwab moves to exclude as hearsay testimony from Hicks' witnesses about what they heard Hicks say regarding her emotional distress. (ECF No. 68.) Les Schwab is correct that

Hicks' statements about her emotional distress qualify as hearsay. However, such testimony falls within the hearsay exception for a "statement of the declarant's then-existing . . . emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health)[.]" Fed. R. Evid. 803(3); *see also United States v. Gonzalez*, 905 F.3d 165, 201 (3d Cir. 2018) (holding that the district court properly admitted under Rule 803(3) evidence that described the declarant's awareness "of defendant's actions and that those actions were causing her emotional distress"); *Brown*, 2017 WL 1179413, at *3 (noting that Rule 803(3) applies to "statements that describe [the plaintiff's] current state of emotional distress"). Thus, Hicks' contemporaneous statements about how she was feeling are admissible. The Court therefore DENIES Les Schwab's motion in limine No. 7.

## IV. Jury Instructions

### A. Les Schwab's Objections to Hick's Jury Instructions

#### a. Hicks' Requested Instruction No. 29 (Inference of Causation)

Hicks requests the following instruction: "Close timing between the plaintiff utilizing the workers' compensation system and defendant taking an adverse employment action is circumstantial evidence from which you may infer a causal connection." (ECF No. 60.) The Ninth Circuit has held that such an instruction is unnecessary if the district court instructs the jury that the law makes no distinction between direct and circumstantial evidence. *See Heinemann v. Comput. Assocs. Int'l, Inc.*, 319 F. App'x 591, 595 (9th Cir. 2009) (finding no abuse of discretion where the district court declined to provide a temporal proximity instruction because "additional emphasis on temporal proximity was not necessary"). Therefore, the Court declines to include this instruction.

///

### B. Hicks' Objections to Les Schwab's Requested Jury Instructions

#### a. Les Schwab's Requested Instruction No. 5 (Employer's Business Decision)

Hicks objects to the last sentence of Les Schwab's proposed jury instruction No. 5, which states: "You should not second-guess the employer's decision or substitute your own judgment for its judgment." (ECF No. 66.) The Court agrees with Hicks that this sentence may confuse the jury and encourage the jury to accept Les Schwab's version of the facts at face value. The rest of the instruction adequately addresses Les Schwab's concerns about the jury returning a verdict for Hicks simply because the jury disagreed with Les Schwab's employment decisions.

The parties also filed competing instructions addressing the elements of Hicks' claims. The Court will circulate proposed final jury instructions prior to the final pretrial conference.

**IT IS SO ORDERED.**

DATED this 24th day of May, 2019.

_Stacie F. Beckerman_
_____
STACIE F. BECKERMAN
United States Magistrate Judge