IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ELIZABETH HICKS, | Case No. 2:17-cv-00118-SB |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| LES SCHWAB TIRE CENTERS OF PORTLAND, INC., | |
| Defendant. | |

**BECKERMAN, U.S. Magistrate Judge.**

Plaintiff Elizabeth Hicks ("Hicks") brings this action against Les Schwab Tire Centers of Portland, Inc. ("Les Schwab"). Trial is set for June 4, 2019. Pending before the Court is Les Schwab's objection to Hicks' anticipated testimony regarding the emotional distress she suffered as a result of the financial implications of Les Schwab's adverse employment actions (e.g., a reduction in compensation and loss of benefits). Alternatively, Les Schwab argues that if the Court allows such testimony, Les Schwab should be allowed to cross examine Hicks regarding collateral sources of compensation or benefits (e.g., time-loss compensation, workers' compensation medical benefits, or benefits from other sources).

PAGE 1 – OPINION AND ORDER

Les Schwab cites no case in the employment context holding that an employee's emotional distress resulting from the financial aspects of an adverse employment action is not compensable as noneconomic damages, and the Court has not located any relevant Oregon case so holding. *Cf. Siring v. Or. State Bd. of Higher Educ.*, No. 3:11-cv-01407-SI, 2013 WL 5536310, at *2 (D. Or. Oct. 8, 2013) (applying Oregon law to state and federal employment discrimination claims and noting that "financial stressors can be relevant to emotional distress damages"). On the contrary, the emotional distress resulting from an employee's loss of income and benefits strikes at the core of many employment discrimination and retaliation claims. Accordingly, the Court overrules Les Schwab's objection to Hicks' testimony about the emotional distress she suffered as the result of reduced compensation or benefits.

However, if Hicks opens the door to the emotional distress she suffered as the result of lost income or benefits, Les Schwab has the right to cross examine the veracity of her testimony. For example, if Hicks testifies that she suffered emotional distress because she lost her health insurance, Les Schwab has the right to cross examine her on whether she was uninsured during the time period she alleges she suffered emotional distress. Or, if Hicks testifies that she suffered emotional distress as the result of a reduction in compensation, Les Schwab may cross examine her regarding her compensation during the relevant time period.

The Court defers ruling until trial on Hicks' specific testimony, or any objections thereto.

**IT IS SO ORDERED.**

DATED this 3rd day of June, 2019.

STACIE F. BECKERMAN
United States Magistrate Judge